FILED
NOV 23 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| FREDDIE GRIMES, | ) | |
| | ) | Civil No. 09-901-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| DON MILLS, | ) | |
| | ) | |
| Respondent. | ) | |

Robert W. Rainwater
Rainwater Law Group
1430 Willamette Street, Suite 492
Eugene, Oregon 97401

   Attorney for Petitioner

John R. Kroger
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

   Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Freddie Grimes brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his conviction and sentence for Murder. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On August 24, 2000, the Marion County Grand Jury returned an indictment charging Grimes with one count of Murder. Respondent's Exhibit 102. A jury found him guilty and the court imposed a sentence totaling 354 months. Respondent's Exhibit 101.

Grimes directly appealed his conviction and sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v. Strong, 195 Or. App. 763, 100 P.3d 218 (2004), rev. denied 338 Or. 583, 114 P.3d 504 (2005); Respondent's Exhibits 103-108.

Grimes next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Strong v. Williams, Umatilla County Circuit Court Case No. CV05-1243. On appeal, the Oregon Court of Appeals affirmed the PCR trial court without written opinion, and the Oregon Supreme Court denied review. Grimes v. Williams, 227 Or. App. 506, 206 P.3d 286 (2009), rev. denied 346 Or. 361, 211 P.3d 930 (2009); Respondent's Exhibits 126-130.

2 - FINDINGS AND RECOMMENDATION

On August 5, 2009, Grimes filed this action. His grounds for relief as set forth in his Petition are as follows:

1. Ground One: Self-Defense.

    Supporting Facts: Fact is Robert Carmichael was openly angered and thus in anger tr[ied] to st[ab] me with a 6 prong pitchfork aiming to kill me Grimes. In fear of my life and not time to retreat or run I fired in self-defense.

2. Ground Two: Black shock belt unconstitutional See Attached Affidavit sworn by lawyer John Storkel (Affidavit in this packet.)

    Supporting Facts: Fact is that Judge Barber had a black shock box that gives out 50,000 volts to ki[]dneys placed on my person for the whole 2 weeks of trial without a court proceeding or jury. Thus making me Grimes anxi[ous] and [unable] to concentrate throughout trial made me incompetent to testify on my behalf.

3. Ground Three: 4 years 6 months enhancement outside presence of the jury beyond statutory maximum.

    Supporting Facts: Fact is Judge Barber upward departured me inmate Grimes outside the presence of the jury, 4 years 6 months. Such an upward departure from the sentencing guid[e]lines is unconstitutional.

4. Ground Four: Unconstitutionally sentenced to life with a 25 year minimum under Ballot Measure 11.

    Supporting Facts: Fact is inmate Grimes was unconstitutionally sentenced to 25 years to life for self-defense is a violation to my constitutional rights.

Respondent asks the court to deny relief on the Petition because: (1) none of his claims allege violations of the United States Constitution or of federal law; (2) the claims of trial court error are procedurally defaulted; and (3) any remaining

3 - FINDINGS AND RECOMMENDATION

claims were correctly denied on the merits in state-court decisions entitled to deference.

## DISCUSSION

### I. Unargued Claims

Grimes fails to brief the merits of Grounds Three and Four in his counseled supporting memorandum. The State contends neither of these claims was fairly presented to the Oregon Supreme Court and that they are procedurally defaulted. Specifically, the State argues that petitioner first raised these claims during his PCR proceedings, but that these sentencing error claims could have been, and therefore should have been, raised on direct appeal. Response to Petition (#18), p. 7 (citing Palmer v. State, 318 Or. 352, 356-58 (1994).

On federal habeas review, Grimes must show that the state court determination denying his claims was contrary to or an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). The court's review of the record reveals that these claims were never presented to the Oregon courts in a procedural context in which their merit would be considered, and thus, they are procedurally defaulted. Accordingly, by not advancing Grounds Three and Four in his memorandum, Grimes has failed to meet the burden of proof for habeas relief under § 2254(d) and relief on these claims must be denied.

///

4 - FINDINGS AND RECOMMENDATION

## II. Exhaustion and Procedural Default.

### A. Standards.

A habeas petitioner must exhaust his claims by presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim

5 - FINDINGS AND RECOMMENDATION

unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 337 (1992); <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986).

B.  **Analysis**.

Grimes presented one issue on direct appeal: whether the trial court erred when it denied his motion for judgment of acquittal based on the prosecution's failure to present evidence sufficient for a reasonable fact finder to conclude that the State had disproved Grimes' defense of self-defense beyond a reasonable doubt. Respondent's Exhibit 103. Grimes did not present a claim that his constitutional due process rights were violated when the trial court allowed him to be outfitted with a shock belt without first holding a hearing and determining whether "compelling circumstances" justified use of a stun belt to maintain security in the courtroom (Ground Two). Moreover, assuming without deciding that the PCR trial court denied this trial court error claim on the merits despite it being precluded under <u>Palmer</u>, Grimes did not raise it as an assignment of error on appeal. Accordingly, it is clear that Grimes failed to present this claim to Oregon's highest court in a procedural context in which its merit was considered and it is now procedurally defaulted. Grimes does not attempt to

excuse his default by proving cause or prejudice, or making a colorable showing of actual innocence.

III. Merits

    A.    Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Grimes bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably

7 - FINDINGS AND RECOMMENDATION

applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

B.  **Analysis**

   1.  **Sufficient Evidence to Disprove Defense of Self-Defense Beyond a Reasonable Doubt (Ground One)**

Grimes contends that the State failed to present sufficient evidence at his trial to disprove his defense of self-defense beyond a reasonable doubt. According to Grimes, he and the victim were supposed to go shooting together. When Grimes arrived for their outing, the victim came at him with a pitchfork and Grimes rapidly fired three shots at him in defense of his life. Memorandum in Support (#26), p. 2. Grimes contends no other witnesses testified about the events leading up to the shooting or to seeing or hearing the shooting. Id. at 14. Moreover, he insists the State misstated the testimony of the forensic scientist and the medical examiner and that their testimony was insufficient to disprove his defense of self-defense. Id. at 14-15.

As a preliminary matter, the parties agree Jackson v. Virginia, 443 U.S. 307 (1979) governs this sufficiency of the evidence issue. In reviewing a conviction under this standard, a court must determine whether the evidence, examined in the light most favorable to the prosecution, would allow any rational trier

8 - FINDINGS AND RECOMMENDATION

of fact to have found the essential elements of the crime beyond a reasonable doubt. Id. at 318.

Evidence before the trial court at the time it denied Grimes' Motions for Judgment of Acquittal based on his contention that the prosecution had presented insufficient evidence for a reasonable fact finder to determine his defense of self-defense had been disproved beyond a reasonable doubt included the following:

- Evidence that Grimes initially denied involvement in the victim's death and lied about details such as how long he had resided on the property, his knowledge of whether there were guns on the property, his knowledge of drug use on the property and his suspicion about another individual's involvement in the victim's death;

- Evidence contradicting Grimes' account that he shot the victim three times before he hit the ground and fell on his back;

- Evidence contradicting Grimes' account that he fired the three shots in rapid succession; and

- Evidence that it was "very unlikely" the victim was holding the pitchfork found at the scene because it only had a few very small spots of blood on it.

Trial Transcript, Volumes IV & V, pp. 531-32, 634-35, 640-41, 678, 730-37, 740, 745, 750-51.

Having carefully reviewed the record as it relates to Grimes' Motion for Judgment of Acquittal, the court is satisfied that there was ample evidence from which a reasonable fact finder could conclude that the prosecution had disproved Grimes' defense of self-defense beyond a reasonable doubt. Accordingly, Grimes cannot establish that the trial court's denial of his motion for judgment of acquittal was contrary to, or involved an unreasonable

9 - FINDINGS AND RECOMMENDATION

application of, clearly established Federal law, as determined by the Supreme Court.

>   B.  Ineffective Assistance where Counsel did not Object to Use of Stun Belt without Appropriate Hearing at Trial

As a preliminary matter, the court notes that Grimes attempts in his counseled supporting memorandum to add an additional claim alleging that trial counsel was ineffective when he failed to object to the use of the stun belt at trial. Memorandum in Support (#26), pp. 2 & 12-14. Grimes did not raise this claim in his *pro se* Petition. Accordingly, it is not properly before the court. See Rule 2 of the Rules Governing § 2254 Cases (requiring all claims to be stated in the Petition, itself); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994)("A Traverse is not the proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition or . . . as a statement of additional grounds.") Nevertheless, for the reasons set forth below, this claim is without merit.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must

10 - FINDINGS AND RECOMMENDATION

indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

Grimes contends the PCR court's denial of his claim of ineffective assistance of counsel for failing to object to the use of a stun belt at his trial was based on an unreasonable determination of the facts in light of the evidence presented during the post-conviction trial. Grimes argues that his uncontested testimony at trial was that due to the stun belt: (1) he was unable to communicate with his attorney because he was afraid to lean over and talk to him; (2) he was unable to participate in his defense because he was nervous about the possible use of the stun belt and he could not concentrate or remember some of the important events and dates; and (3) his demeanor on the stand was affected. Moreover, Grimes argues he presented further evidence of prejudice resulting from counsel's failure to object to use of the stun belt because the jury actually saw it. Memorandum of Law (#26), p. 9.

11 - FINDINGS AND RECOMMENDATION

The PCR trial court made the following pertinent findings relating to this claim:

> Now, as far as the stun belt is -- the usage of that device apparently was the decision of the Marion County authorities.
>
> Use of these stun belts are fairly common in the state of Oregon. I've run into them many times. The Marion County authorities were in charge of security. It was their decision.
>
> And if you review the transcript, as both of you have, and -- the evidence does not suggest to me that wearing the stun belt materially affected petitioner's trial in its basic fairness.
>
> His testimony seemed to be quite straightforward. I found, very frankly, this gentleman, Freddie James Grimes, to be fairly articulate.
>
> I don't think -- I just don't see anything in this record that the stun belt was a factor as petitioner suggests.

Respondent's Exhibit 124, p. 27-28.

Moreover, with regard to Grimes contention that the jury saw the stun belt, the following exchange took place at the PCR trial during Grimes' direct examination:

> [MR. THOMPSON]: Okay. Do you think the jury ever saw that little box thing?
>
> [GRIMES]: I do believe they did. Because at one point in the trial, I had to stand up because I couldn't see an exhibit that was being shown.
>
> MS. BOYD: Your Honor, I'm going to object. The petitioner is speculating to what he believes the jury saw.
>
> THE COURT: I agree. I think he can give his impression that they saw, but it's still speculation. Let's go on with another question.

Id. at 13.[1]

Having reviewed the trial transcript, the court concurs with the PCR court's characterization of Grimes' testimony. Though his account of self defense changed in some respects from what he had reported to police in earlier interviews, Grimes was relatively consistent in his account of events at trial both on direct and cross examination. Furthermore, Grimes arguments notwithstanding, the evidence regarding visibility of the stun belt actually buttresses the PCR court's finding that he was not unduly hindered by use of the stun belt in that it is evidence that Grimes was engaged in his trial and comfortable enough to actually stand up and view an exhibit. See Trial Transcript, Volume V, p. 634.

Accordingly, even assuming trial counsel rendered deficient performance by not objecting to the use of the stun belt, Grimes cannot rebut the PCR court's findings in support of its determination that he was not prejudiced by any such failure by clear and convincing evidence, nor can he demonstrate that the PCR court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

///

///

---

[1] The court notes that Grimes presented no affidavits during his PCR proceedings from either his trial counsel or any jurors mentioning whether any jurors saw the stun belt.

13 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice

of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

In addition, the district judge should certify that Grimes has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

DATED this 22nd day of November, 2010.

_____
Paul Papak
United States Magistrate Judge