UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FREDDIE GRIMES,

        Petitioner,                        Civil No. 09-901-PK

       v.                                   O R D E R

D. MILLS, Superintendent,

        Respondent.

HAGGERTY, District Judge:

      Magistrate Judge Papak issued a Findings and Recommendation [32] in this action. The Magistrate Judge recommended denying Petitioner's Petition for Writ of Habeas Corpus [2], which was filed under 28 U.S.C. § 2254, and entering a Judgment dismissing this case with prejudice.

      Petitioner has filed objections through his counsel [34]. When a party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

      The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate Judge's Findings and Recommendations, petitioner's objections, and the record of the case. The Findings and Recommendation is well-reasoned, without error, and adopted in its entirety.

ORDER -- 1

The objections rely primarily upon argument and authorities advanced before the Magistrate Judge. Petitioner objects to the Findings and Recommendation's commentary that petitioner failed to raise a claim for ineffective assistance of counsel in his initial petition, and that, therefore, the claim was not properly presented to the court. Findings and Recommendation at 10. Because the Magistrate Judge proceeded to evaluate the claim's merits, these objections are moot.

Petitioner's other primary objection alleges that the Magistrate Judge erred in evaluating the merits of the ineffective assistance of counsel claim without addressing petitioner's request for an evidentiary hearing. If the habeas petitioner has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-

(A) the claim relies on –

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The Supreme Court has held that under the opening clause of § 2254(e)(2), "a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 362, 432 (2000).

ORDER -- 2

The Supreme Court has also addressed cases in which the petitioner has not failed to develop the factual record:

> [i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. * * * It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citations, internal quotations and footnote omitted).

Assuming without deciding that petitioner met his obligation to develop the record at the state court, this court applies the more liberal test for determining when an evidentiary hearing is warranted. An evidentiary hearing is appropriate only if it could enable petitioner to prove allegations that would entitle him to relief. *Id*.

As the Magistrate Judge addressed thoroughly, prevailing on an ineffective assistance of counsel claim in a habeas petition requires a petitioner to demonstrate that the state court's rejection of the claim qualified as an objectively unreasonable application of the two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Findings and Recommendation at 10-13.

Petitioner must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) counsel's "deficient performance prejudiced the defense," *Strickland*, 466 U.S. at 688, 687, and that the state court unreasonably applied this test. The Magistrate Judge provided sound analysis in concluding that petitioner failed to present a colorable claim for habeas relief for ineffective assistance of counsel. The evidence presented regarding counsel's trial performance supports a finding that neither *Strickland* prong was met,

ORDER -- 3

and that even if the trial counsel's performance was deficient, petitioner cannot establish that he was prejudiced by the alleged failures, or that the state court's resolution of this claim was contrary to clearly established federal law.  Petitioner's claims are not supported by specific facts suggesting a constitutional violation.  Moreover, even if the facts alleged in support of these claims were established at a hearing, these facts would not entitle petitioner to relief.

Therefore, petitioner's request for an evidentiary hearing was disposed of properly by the Magistrate Judge.  The court concludes that an evidentiary hearing is unnecessary, and that petitioner's objections raise no challenges compelling further analysis.

## **CONCLUSION**

The Magistrate Judge's Findings and Recommendation [32] in this action is adopted. Petitioner's Petition for Writ of Habeas Corpus [2] is denied, and Judgment will be entered dismissing this case with prejudice.  This court also declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this   19   day of January, 2011.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge